No. 231

PICK v. LIMA (City)

Ohio Appeals, 3rd Dist., Allen Co.

No. 469. Decided Jan. 21, 1927

301. CONTRIBUTORY NEGLIGENCE — Case reversed where on the issue of contributory negligence the court omits to charge that if conduct of plaintiff therein described were a proximate cause contributing directly to her injury, that she could not recover; and also where court failed to charge that burden was upon plaintiff to dispel, by other evidence, a presumption of negligence on her own part, brought out by her own evidence.

First Publication of this Opinion

HUGHES, J.

Nettie Pick's action was one for damages, brought in the Allen Common Pleas against the City of Lima, the result of a fall received by her on a sidewalk out of repair and based upon the negligence of the city. The verdict of the jury and the judgment thereon, were in favor of the city.

Error was prosecuted by Pick and the Court of Appeals, in reversing the case, held:

1. The record discloses that on the charge as to the negligence of Pick, the court omitted to say to the jury that such conduct as is therein described would constitute negligence on plaintiff's part; and if it were a proximate cause contributing directly to the injury then she could not recover.

2. The statement given merely says that if plaintiff was guilty of the conduct therein described, she could not recover.

3. In the submission of the question of the plaintiff's negligence, the court should have instructed the jury that if plaintiff's own negligence raises a presumption of negligence on her part contributing as a proximate cause to her injury, then the burden is upon her to remove that presumption by other evidence.

4. The verdict is against the weight of the evidence upon the issue of plaintiff's negligence.

Judgment therefore reversed and cause remanded.

Attorneys—C. J. Brotherton and Cable & Cable for Pick; Paul T. Landis for City; all of Lima.

---

No. 232

SCHWEITZER v. GOUDY

Ohio Appeals, 3rd Dist., Hancock Co.

No. 226. Decided Feb. 18, 1927

703. LANDLORD & TENANT—Where clause in lease gives landlord the right to go upon the premises and make such repairs as he sees fit, the tenant thereby cannot have it interpreted so as to shift the responsibility to make repairs to the landlord in derogation of the common law.

First Publication of this Opinion

HUGHES, J.

The suit in the Hancock Common Pleas was an action to recover rent due from George Sweitzer as the tenant of Harrison Goudy. The controversy arose over a dispute over the question of whose obligation it was, under the terms of the lease, to repair the floor of the business room occupied by defendant. Judgment was rendered in favor of the landlord and Schweitzer prosecuted error, the Court of Appeals holding:

1. In the absence of a contract, the landlord is not charged with keeping the leased premises in repair. This the defendant concedes; but he urges an interpretation of the lease which would change the common law rule, and require the landlord to make repairs such as were made by the tenant, and charged to the landlord.

2. The lease has no clause expressly charging the landlord with this duty.

3. The clause found in the lease was that at the expiration of the lease the tenant will yield up the premises in as good condition as they were in when received by him, natural wear and tear excepted.

4. Another clause gives the landlord the right to go upon the premises and make any needful reapirs he may see fit to make.

5. The interpretation desired by Sweitzer, that under these clauses the responsibility of keeping the premises in repair shifted to Goudy, the landlord, cannot be adopted.

Judgment therefore affirmed.

(Before Judges Crow, Hughes & Justice.)

Attorneys—A. A. Slayaugh for Schweitzer; John E. Betts for Goudy; all of Findlayy.